UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 09-236-02 (RCL) |
| ) | |
| SEAN V. ALLEN, ) | |
| ) | |
| Defendant. ) | |

**FILED**
FEB / 1 2013
Clerk, U.S. District and
Bankruptcy Courts

MEMORANDUM OPINION

Before the Court is defendant Sean V. Allen's unopposed *pro se* Motion to Reduce Sentence [185] pursuant to 18 U.S.C. § 3582(c)(2). Also before the Court is correspondence from Mr. Allen construed to be an exhibit to the underlying Motion. The Clerk of the Court is hereby instructed to post the attached correspondence to the docket along with this Memorandum Opinion and accompanying Order. Upon consideration of defendant's motion, the entire record herein, the applicable law, and for the reasons set forth below, the Court will deny the motion.

I. BACKGROUND

On July 1, 2010, the government filed a one-count Superseding Information charging the defendant with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846 (2006). Presentence Investigation Report ¶ 8, Revised Oct. 14, 2010 ("PSR"). The defendant pled guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure which allows the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . ." Fed. R. Crim. P. 11. If the court accepts the agreement, "[the] recommendation or request binds the court . . . ." *Id.* The government and defendant agreed that the specific term of 72 months was the appropriate sentence for the offense. Plea Agreement as to Sean V. Allen ¶ 3, July 12, 2010,

ECF No. 120 ("Plea Agreement"). The undersigned judge accepted the plea agreement and sentenced the defendant to the agreed upon term. *See* Tr. 5, June 19, 2012, ECF No. 184; J. & Commitment 1–2, Oct. 27, 2010, ECF No. 144. Mr. Allen now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Mot. Reduce 1, June 26, 2012, ECF No. 186.

## II. DISCUSSION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010) (quoting 18 U.S.C. § 3582)). However, 18 U.S.C. § 3582(c)(2) allows the Court to modify a sentence when a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Commission." Application of this narrow exception requires a court to "discern the foundation for the term of imprisonment imposed . . . ." *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring).

Mr. Allen believes he is entitled to a reduced sentence pursuant to § 3582(c)(2) in light of Amendment 750 of the United States Sentencing Guidelines ("U.S.S.G."). *Id.; see* U.S. Sentencing Guidelines Manual app. C (Vol. III). The Court finds this argument without merit for two reasons: (1) Mr. Allen was not sentenced based on the Guidelines, and (2) even if he was, the United States Sentencing Commission (U.S.S.C.) has not subsequently lowered his applicable sentencing range. The Court addresses these findings in turn.

Normally, the appropriate Guidelines sentencing range serves as the basis for the sentence a district court judge imposes; however, sentencing pursuant to a Rule 11(c)(1)(C) plea agreement is different. *See Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring). *Freeman* addressed whether a defendant sentenced pursuant to a Rule 11(c)(1)(C) agreement is eligible for

2

relief under § 3582(c)(2). *Id.* at 2695–2700. Despite the Court's fragmented 4-1-4 opinion, ample support from our sister circuits and the practice of this Court provide that Justice Sotomayor's concurrence is the controlling opinion. *See, e.g. United States v. Graham*, No. 12–8031, 2013 WL 150253, at *2 (10th Cir. Jan. 15, 2013) ("Every federal appellate court to consider the matter has reached the same conclusion, and we agree: Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Court's holding.") (citing opinions from the First, Third, Fourth, Sixth, Seventh, Eighth, and Ninth Circuits).[1]

Under *Freeman*, "the term of imprisonment imposed pursuant to a [Rule 11(c)(1)](C) agreement is, for purposes of § 3582(c)(2), 'based on' the agreement itself." 131 S. Ct. at 2696 (Sotomayor, J., concurring). However, if the agreement "*expressly* uses a Guidelines sentencing range . . . and that range is subsequently lowered . . . the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.* at 2695 (emphasis added). A Rule 11(c)(1)(C) agreement meets this test if it "provides for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 2697-98.

Mr. Allen's Rule 11(c)(1)(C) agreement included a specified term of imprisonment, therefore the question before this Court is whether the agreement "expressly uses a Guidelines sentencing range" that is "evident from the agreement itself." *See id.* at 2697–98. In *Freeman*,

---

[1] In *United States v. Duvall*, the D.C. Circuit applied Justice Sotomayor's concurrence in *Freeman* but only for purposes of the instant appeal. Nos. 10-3091, 11-3114, 2013 WL 276016, at *3 (D.C. Cir. Jan. 25, 2013). *See id.* ("For purposes of this appeal, both parties agree that Justice Sotomayor's opinion controls our analysis . . . . Accordingly, we do not further address that question."). This Court and other members of this District Court, relying on *Marks v. United States*, 430 U.S. 188, 193 (1997), have consistently held that Justice Sotomayor's concurrence is controlling. *See, e.g.*, *United States v. Ingram*, Crim. No. 06-21-02 (RBW), 2012 WL 6086916, at *8 (D.D.C. Dec. 4, 2012); *United States v. Turner*, 825 F. Supp. 2d 240, 244–45 (D.D.C. 2011).

3

the defendant agreed "to have his sentence determined pursuant to the Sentencing Guidelines, and that 106 months [was] the total term of imprisonment to be imposed." *Id.* at 2699 (internal quotation marks and citations omitted). Moreover, the agreement set the defendant's offense level and noted the anticipated criminal history category—two variables needed to produce the applicable Guidelines sentencing range. *Id.* In light of the calculated sentencing range, the Court determined it was "evident" that Freeman's 106-month sentence employed the figure at the bottom of the Guidelines range to establish his sentence. *Id.* at 2700.

Mr. Allen's plea agreement is clearly distinguishable. Unlike the agreement examined in *Freeman*, the Mr. Allen's agreement made no mention of the defendant's criminal history category. Mr. Allen agreed that he was accountable for at least 500 grams but less than 2 kilograms grams of cocaine, but there is no express mention of a Guidelines range, offense level, or any other explanation of how the parties reached the specified term of 72 months. *See* Plea Agreement ¶ 2–3. Moreover, whereas the bottom end of the applicable Guidelines range in *Freeman* matched the agreed upon sentence, Mr. Allen's Guidelines range was calculated to be 262 to 327 months—well over three times the length of the specified term. *See* PSR ¶ 93.

Restricting the scope of inquiry to the defendant's agreement itself, as *Freeman* requires, this Court finds the agreement does not expressly use a Guidelines sentencing range. Thus, defendant is ineligible for a reduced sentence under § 3582(c)(2). *See also United States v. Duvall*, Nos. 10-3091, 11-3114, 2013 WL 276016, at *4 (D.C. Cir. Jan. 25, 2013) (finding the defendant ineligible for a reduced sentence because his Rule 11(c)(1)(C) agreement "neither expressly specified the Guidelines sentencing range nor expressly specified the offense level or criminal history category.").

Even if Mr. Allen's sentence was based on the Guidelines, he still fails to qualify for a reduced sentence under 18 U.S.C. § 3582(c)(2) because the U.S.S.C. has not lowered the sentencing range for his offense. The defendant confuses the amendments to the U.S.S.G. promulgated in response to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. The FSA reduced the statutory penalties for crack cocaine offenses, and granted authority to the U.S.S.C. to make conforming changes to the Guidelines as necessary to achieve consistency with the new law. *See* U.S. Sentencing Guidelines Manual app. C (Vol. III); *see also* 21 U.S.C. § 841(b)(1) (*amended by* FSA § 2(a)). The U.S.S.C. promulgated Emergency Amendment 748, which became effective on November 1, 2010, and lowered the Guidelines ranges for offenses involving crack cocaine to reflect the reduced penalties provided for in the FSA. U.S. Sentencing Guidelines Manual app. C (Vol. III). Amendment 750, which made the lower sentencing ranges established by Amendment 748 permanent, and Amendment 759, which made the changes retroactive, took effect on November 1, 2011. *Id.*

Mr. Allen pled guilty to the charge of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine—not cocaine base. *See* Plea Agreement ¶ 1. The U.S.S.G. Amendments promulgated subsequent to Mr. Allen's sentencing made no changes to the sentencing ranges for powder cocaine offenses. *Accord* U.S. Probation Office Mem., Sept. 11, 2012, ECF No. 191 ("Mr. Allen's applicable guideline range is not reduced as a result of the retroactive amendment as the case involved a quantity of cocaine powder rather than cocaine base."). *Compare* U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2009) (providing a base offense level of 26 for an offense involving at least 500 grams but less than 2 kilograms of cocaine), *with id.* § 2D1.1(c)(7) (2012) (same). Thus, even assuming *arguendo* that Mr. Allen was sentenced based on a Guidelines sentencing range, that range has not been subsequently

lowered by the U.S.S.C. Mr. Allen is therefore ineligible for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the foregoing reasons, the Court holds that the defendant's Motion to Reduce Sentence [185] must be denied. A separate Order consistent with these findings shall issue this date.

_____ 1/31/13
ROYCE C. LAMBERTH
Chief Judge
United States District Court